People v Votra (2019 NY Slip Op 04552)





People v Votra


2019 NY Slip Op 04552


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


203 KA 17-00614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON R. VOTRA, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered November 22, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). Contrary to defendant's contention, the record establishes that he knowingly, intelligently, and voluntarily waived his right to appeal, and that he understood that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
Even assuming, arguendo, that defendant's contention that the proceedings were electronically recorded and later transcribed in violation of Judiciary Law § 295 survives both the guilty plea and waiver of the right to appeal (see generally People v Harrison, 85 NY2d 794, 796-797 [1995]), we conclude that the contention is unpreserved because defendant did not object to the use of the electronic recording device or the absence of a stenographer (see People v Bennett, 165 AD3d 1624, 1625 [4th Dept 2018]; People v Rogers, 159 AD3d 1558, 1559 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]). Regardless, neither reversal nor a reconstruction hearing is required here because defendant failed to demonstrate that he was prejudiced by the use of a transcribed recording instead of a stenographer (see Harrison, 85 NY2d at 796; cf. People v Henderson, 140 AD3d 1761, 1761 [4th Dept 2016]).
Although not precluded by the valid waiver of the right to appeal, defendant's contention that his guilty plea was not knowing, intelligent, and voluntary is not preserved because he did not move to withdraw the plea or to vacate the judgment of conviction on the ground now asserted on appeal (see People v Smith, 162 AD3d 1597, 1597 [4th Dept 2018], lv denied 32 NY3d 941 [2018]; People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]).
Finally, the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court